USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA CRUZ, CANDIDO CASTANO and ODALIX DE JESUS ESTEVEZ RODRIGUEZ,

        Plaintiffs,

  -against-

CARLOS ZAVALA and GATEWAY LEASING, INC.,

        Defendants.

23-CV-507 (MMG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On April 24, 2024, the Court ordered the parties to submit a joint status letter, no later than July 2, 2024, "outlining the progress of discovery" in advance of the July 9, 2024 conference. (Dkt. 37.) Despite a courtesy call from chambers on July 3, 2024, no pre-conference statement was filed as of this morning, July 8, 2024. Consequently, the Court ordered the parties to submit their joint status letter no later than 5:00 p.m. today.

Instead, the parties filed two separate letters, each of which states that the writer was under the impression that it was not necessary to submit a status letter to the Court ahead of the July 9 conference because the parties have a discovery dispute that they intend to discuss at the conference. *See* Dkt. 39 at 1 (the "[p]arties did not submit joint status letter by July 2, 2024 due to the fact that parties had discovery dispute and were under impression that dispute would be discussed in front of Your Honor at the in person appearance on July 9, 2024 and therefore the status letter would not be necessary"); Dkt. 40 at 1 ("we too were under the impression that if a Joint Status Letter was not submitted then we were to appear in person before you on. July 9, 2024 and the dispute would be discussed in person rather than a virtual conference.") There is zero support in the language of the Court's April 24 order for this interpretation. Nor does it make sense

from a case management standpoint. The existence of a discovery dispute is precisely the sort of thing the Court wants to know about in advance, so that the Court can be prepared to resolve it fairly and efficiently at the conference.

The parties are reminded that whether or not a status conference has been scheduled, requests for discovery relief - including extensions of discovery deadlines - must be made in writing, after the parties have met and conferred in good faith in an attempt to resolve their differences. *See* Dkt. 11 ¶¶ 15, 17; Moses Ind. Prac. §§ 2(a), 2(b); Local Civ. R. 37.2. It is apparent from reading today's letters (in which plaintiffs request an extension of the expert discovery deadline and related relief, and defendants object) that the parties have not met and conferred as required. Consequently, it is hereby ORDERED that counsel shall appear in **Courtroom 20A at 9:30 a.m.** tomorrow (half an hour before the scheduled conference), so that they can meet and confer as to all discovery and scheduling disputes prior to the 10:00 a.m. conference. At the conference, they should be prepared to report any agreements and any remaining areas of disagreements. Plaintiffs should also be prepared to explain the "compelling circumstances" (*see* Dkts. 34, 37) that justify their current extension requests.

Dated: New York, New York  
        July 8, 2024

SO ORDERED.

_____

**BARBARA MOSES**  
**United States Magistrate Judge**